| | |
|---|---|
| JS - 6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 12-01157 SJO (SHx)  **DATE:** March 7, 2012

**TITLE:** PennyMac Mortgage Investment Trust Holdings I, LLC v. Frank C. Leotti, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                            Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

This matter is before the Court on the Notice of Removal ("Notice") filed by Defendants Frank Leotti and Debra Leotti (collectively, "Defendants") on February 9, 2012. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction and **REMANDS** the case to Los Angeles County Superior Court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2012, Plaintiff PennyMac Mortgage Investment Trust Holdings I, LLC ("Plaintiff") filed a Complaint in the Superior Court for the State of California, County of Los Angeles, naming as defendants Frank Leotii, Debra Leotti, and Does 1-10. (*See generally* Notice Ex. B ("Compl.").) The Complaint states a single cause of action for unlawful detainer. The Complaint sets forth the following allegations. Plaintiff purchased a piece of real property located at 1838 Calle Belleza, Rowland Heights, California 91748 (the "Property") at a trustee's sale on December 6, 2011. (Compl. ¶¶ 1, 7.) Based on this purchase, Plaintiff claims that it is the owner of the Property. (Compl. ¶ 8.) Defendants resided in the Property prior to the sale and have remained in possession of the Property after the sale. (Compl. ¶ 9.) On December 27, 2011, Plaintiff served a notice to vacate the premises on Defendants, and Defendants failed to deliver possession of the Property within three days. (Compl. ¶¶ 10-11.)

Defendants removed the action to this Court on February 9, 2012.

II.   DISCUSSION

    A.   *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-01157 SJO (SHx)   **DATE:** March 7, 2012

mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether subject matter jurisdiction exists.

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation marks omitted).

   B.   Subject Matter Jurisdiction

The Notice claims that this court has jurisdiction pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Notice does not state why this Court would have original jurisdiction over the action. Presumably Defendants believe either that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.

   1.   Diversity Jurisdiction

Federal jurisdiction founded on § 1332(a) requires complete diversity – all plaintiffs must be of different citizenship than all defendants – and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").

Defendants' Notice does not state the citizenship of any of the parties. From the Complaint, it appears that Defendants are residents of the state of California. Although residence and citizenship are not equivalent, a person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

However, nothing in the Complaint or the Notice states Plaintiff's citizenship. As Plaintiff's citizenship has not even been alleged, diversity jurisdiction has not been established.

   2.   Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-01157 SJO (SHx)**　　　　DATE: **March 7, 2012**

the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Complaint in this action does not contain any federal causes of action. The Complaint includes only one action for unlawful detainer under the state law of California. Defendants' Notice did not raise any federal issue that would need to be decided in this action. Accordingly, the Court lacks federal question jurisdiction.

Because the Court has neither federal question jurisdiction nor diversity jurisdiction over this case, the Court lacks subject matter jurisdiction.

III.　　CONCLUSION

For the foregoing reasons, the Court **REMANDS** the instant action to the Superior Court for the State of California, County of Los Angeles. This action shall close.

IT IS SO ORDERED.